This is a suit by plaintiff railway carrier to recover the sum of $707.61 alleged to be the amount due as freight charges on a shipment of heavy machinery from Port Hueneme, California, to Shreveport, Louisiana, consigned to the defendant.
The facts in this case are without dispute and those material to the issue are established as follows:
Defendant, a former G. I., purchased the heavy machinery at a surplus property sale from the War Assets Administration at Port Hueneme, California; at the same time another ex-G. I., one Lawrence Bass, also a resident of Shreveport, Louisiana, purchased certain property at the sale, and defendant and the said Bass interested themselves in determining the most expeditious and economic method of shipment of the property from Port Hueneme, California, to Shreveport; defendant, acting for himself and Bass, determined that the cheapest method of transportation would be rail shipment under one bill of lading which would permit a car lot rate, consigned either to himself or to Bass; thereupon defendant, according to the allegations of his petition, specifically advised one P. E. Anderson, Chief of Transportation, connected with the War Assets Administration at Port Hueneme that the property purchased by him and Bass was to be shipped together under one bill of lading, either to defendant or to Bass at Shreveport, Louisiana; specific allegations in defendant's answer aver that despite these instructions to Anderson the properties were shipped under separate bills of lading with separate charges, although they were transported to Shreveport in the same freight car, and defendant particularly denies any instructions to Anderson to ship the property in this manner. There is no dispute as to the accuracy of the freight charges, which are in accordance with duly authorized and approved tariffs.
After trial there was judgment rejecting plaintiff's demands for the total amount sued for, but allowing plaintiff judgment against defendant in the sum of $414.95, from which judgment plaintiff has appealed.
The record, in addition to the pleadings, is made up of a copy of the original bill of lading and of the bill for freight charges against defendant, the originals *Page 565 
having been delivered to said defendant, together with a stipulation of counsel and affidavits of the defendant and Bass with respect to the general facts above noted, and an affidavit of J. M. Langford, a freight agent, with respect to the correctness of the freight charges, the delivery of the property to defendant and defendant's failure to pay the charges.
There are a number of technical points which have been raised by counsel for plaintiff and defendant respectively dealing with the admission of evidence, etc., which we do not deem of sufficient importance to necessitate discussion, inasmuch as none of the objections affect the merits of the controversy and what appears to us to be the obvious determination thereof.
The defense, as observed from the answer itself, is based upon defendant's contention that his shipping instructions were disobeyed, and that, as a consequence, he is liable only for the freight charges calculated on a car lot shipment, which would amount to $414.95. In support of this contention counsel for defendant strenuously urges that the bill of lading, which is concededly the carrier's authority for shipment of the goods, was not executed by the defendant, consignee, nor does the evidence in the record establish the fact that it was executed by the consignor. Consequently, it is argued that the bill of lading could have been made out by the carrier who failed to make the shipment at the lowest rate in accordance with defendant's instructions. Careful consideration fails to impress us with the relevancy of this contention. The copy of the bill of lading shows on its face that it was signed by P. E. Anderson by direction of B. W. Fink, Capt., U.S. Navy, as shipper or consignor. Defendant's answer makes no claim that he gave any instructions whatever to the carrier, but, on the contrary, defendant plainly sets forth the fact that his instructions were given to P. E. Anderson, who had no connection whatsoever with the carrier.
It appears obvious to us that the carrier cannot be charged with the fault of a third party who failed to carry out defendant's instructions. If defendant has any recourse it would appear to be against the War Assets Administration or the United States Navy in whose service P. E. Anderson appears to have been engaged. Plainly, defendant made Anderson his agent with respect to procuring shipment of the property and charged him with certain definite instructions. But unless it is shown, and certainly it has not been, that there was some responsibility on the carrier, we fail to perceive on what ground defendant can avoid his liability for the full amount claimed.
It is noted that plaintiff prayed for the allowance of attorney's fees, but no mention of this item has been made in oral argument or brief before this court and we presume the same to have been abandoned, and we think properly so.
For the reasons set forth the judgment appealed from is reversed and set aside and there is now judgment in favor of plaintiffs, Southern Pacific Railway Lines, Texas New Orleans Railway Company, and against the defendant, George L. L. Smith, in the full sum of $707.61, together with legal interest thereon from date of judicial demand until paid, and for all costs.